**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

OSCAR LOPEZ-CRUZ,

    Petitioner,

v.                                              CASE NO: 8:09-cv-1983-T-30EAJ
                                                         Crim. Case No: 8:08-cr-299-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #4) filed on October 19, 2009, the Government's Response thereto (Dkt. #7), and Petitioner's Motion to Expedite Ruling (Dkt. #8). After reviewing the pleadings and being advised in the premises, the Court determines that the petition should be granted.

On August 26, 2008, Oscar Lopez-Cruz (hereinafter "Petitioner" or "Lopez-Cruz") pled guilty pursuant to a written plea agreement to one count of fraud and misuse of visas, permits, and other immigration documents, in violation of Title 18 U.S.C. § 1546(a) (Count One), and one count of aggravated identity theft, in violation of Title 18 U.S.C. § 1028(A) (Count Three). On December 11, 2008, this Court sentenced Lopez-Cruz to ten months' imprisonment as to Count One and twenty four months as to Count Three, with the sentences to run consecutively.

Lopez-Cruz did not file a direct appeal, but on September 28, 2009, timely filed a § 2255 petition. This Court required Lopez-Cruz to file an amended petition which he did on October 19, 2009, contending that his aggravated identity theft conviction (Count Three) is unconstitutional in light of the Supreme Court's decision in Flores-Figueroa v. United States, 129 S.Ct. 1886 (2009).

The Government filed its Response on December 23, 2009, acknowledging that the amended petition was timely filed and agreeing that Lopez-Cruz is actually innocent of aggravated identity theft. Further, the Government stated that it did not oppose a vacation of his conviction on that count. The Government's position is based on the Supreme Court's holding in Flores-Figueroa that, to be convicted of aggravated identity theft, the Government must show that a defendant knew that the means of identification belonged to another person. This is a difficult burden for the Government to meet and it acknowledged that it could not meet it in the case of Lopez-Cruz.

## **Conclusion**

Because Lopez-Cruz is actually innocent of aggravated identity theft (Count Three), the Court will vacate his sentence as to that Count.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion for Expedited Ruling (Dkt. #8) is GRANTED.

2. Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (Dkt. #4) is GRANTED in that his conviction is vacated as to Count Three of the criminal judgment.

3. Petitioner's conviction stands as to Count One of the criminal judgment which called for a ten month sentence.

4. Once Petitioner has completed his ten month sentence (and it appears that he has already done so), the Bureau of Prisons is to release him through its normal procedures to the proper immigration authorities for deportation proceedings.

5. The Clerk is directed to enter judgment in favor of Petitioner and against Respondent, terminate any pending motions, and close this case.

6. The Clerk is also directed to terminate from pending status the amended motion to vacate found at Dkt.#44, in the underlying criminal case, case number 8:08-CR-299-T-30EAJ.

**DONE** and **ORDERED** in Tampa, Florida on January 5, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-1983.grant 2255.wpd